## No. 16,790.

CONOVER ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

(244 P. [2d] 875)

Decided April 14, 1952.   Rehearing denied May 26, 1952.

Mr. WILLIAM ALAN BRYANS, for plaintiffs in error.

Mr. L. F. BUTLER, Mr. F. J. KRETSCHMER, JR., for defendant in error Pudlin.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS action arises under the Workmen's Compensation Act. Proceedings before the Industrial Commission resulted in an award in favor of the claimant, Victor Pudlin, and against respondents Meffley and Conover. In an appropriate action instituted in the district court of Arapahoe county the award of the commission was affirmed and judgment entered in favor of claimant. The cause is presented here by writ of error for a review of that judgment.

The findings of fact made by the Industrial Commission included the following statement which is a sufficient description of the incident out of which the claim arose: "Claimant was employed by the 'Conover and Meffley Stable' at Centennial Park as an exercise boy or 'hot walker.' His duties were to lead horses by means of a halter around the track after a race in order that the horses might cool down gradually. While thus engaged on August 31, 1950 with a horse named Star Villain, the horse reared and broke away. In attempting to restrain the horse claimant suffered a fractured left arm at the shoulder which temporarily and totally disabled him until January 1, 1951, upon which date he attained his maximum degree of improvement with a residual permanent partial disability of 10% loss of use of the left arm measured at the shoulder."

The claim as originally filed, was against W. D. Conover, George Meffley and O. E. Stephens as employers.

The action against O. E. Stephens was dismissed for total failure of any evidence connecting him with the case as an employer of claimant. Respondents Conover and Meffley carried no workmen's compensation insurance as required by law, and the award of the commission included the penalties provided by law for such omission.

Plaintiffs in error urge five points as grounds for reversal of the judgment, as follows: The evidence was insufficient to establish that respondents individually, or collectively as partners, employed a sufficient number of persons to bring them within the provisions of the Workmen's Compensation Act; that claimant's injury was the direct result of his own negligence in committing an act which was beyond the scope of his employment; that the order for payment of medical and surgical expenses by respondents is erroneous; that there was no showing by the evidence that plaintiffs in error were partners, and, since Conover did not own the horse which caused the accident, there could be no liability on his part for the injury sustained by claimant; and that no sufficient findings of fact were made by the Industrial Commission.

██ We have carefully read the evidence introduced before the referee and the findings of fact thereon, and have no hesitancy in holding that there is ample testimony to support these findings. There is but one suggestion in the argument of counsel for plaintiffs in error which justifies further comment: Plaintiff in error Meffley was the registered owner of the horse Star Villain. It is contended that there is no showing that he employed four or more persons, and since no "partnership" was shown as between Conover and Meffley, no right to recover against either respondent was established in the absence of evidence of the existence of such a partnership.

### Question to Be Determined.

██ *Where two or more persons are engaged in the business of training and racing horses; where they jointly operate a stable wherein are kept the horses which*

*they separately own; and where a trainer, grooms, exercise boys and other attendants are hired to train and care for all the horses at a fixed compensation per month per employee without regard to·the time spent with any particular animal; is there established "an association of persons" having four or more employees within the meaning of the Workmen's Compensation Act?*

We answer the question in the affirmative. In effect, it is contended by counsel for plaintiffs in error that only an individual, a corporation, or association of individuals measuring up to all the requirements of a full fledged partnership, can be subject to the responsibilities of employers under the Workmen's Compensation Act. Section 287, chapter 97, '35 C.S.A. provides, inter alia, "The term 'employer' shall mean and include: * * * (b) Every person, *association of persons,* * * * who has four or more persons engaged in the same business or employment * * *." (Emphasis supplied.)

It is admitted that horses, including Star Villain, were registered at the racing track under the name of Conover and Meffley. They hired a common trainer for all their horses. Conover testified that he and Meffley maintained a "joint stable." In this connection he testified further as follows: "Q. And you and Meffley maintained a joint stable? A. Yes sir. Q. And the employes of you also worked on Meffley's? A. Yes sir. Mr. Meffley was very seldom around there due to the fact he has been sick and has to spend a large part of his time in the hospital. That is why I took care of all the bills, all the business."

██ It is undisputed that more than four persons were employed at the "joint stable," either as trainer, groom, exercise boy or "hot walker." Under this admitted state of the record it is clear that the operation in which Conover and Meffley were engaged was sufficient to create an "association of persons" within the statutory definition of an "employer" under the Workmen's Compensation Act. It was said in *Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422, that the

act is "highly remedial, beneficient in purpose and to be liberally construed." In *Morrow v. Industrial Commission*, 98 Colo. 348, 56 P. (2d) 35, our court stated concerning the Workmen's Compensation Act: "It is of course our duty to give the act a liberal construction, with a view to promoting the underlying purpose of applying its beneficient provisions whenever legally possible, in the interests of justice." In 71 Corpus Juris, page 395, section 123, is the following: "The definitions of 'employer' contained in the compensation acts, or statements as to who shall be deemed employers, should be broadly or liberally construed, in order to effectuate the purpose of the legislation." These statements are applicable to the present case.

The judgment accordingly is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE KNAUSS dissent.