275 P.2d 170

Bernice ULIBARRI, Plaintiff and Appellant,

v.

Joseph CHRISTENSON and Salt Lake Cab Owners Operating Co., Inc., d/b/a Ute Cab Co., Defendants and Respondents.

No. 8191.

Supreme Court of Utah.

Oct. 8, 1954.

Chris Praggastis, John E. Stone, Salt Lake City, for appellant.

John H. Snow, Salt Lake City, for respondents.

CROCKETT, Justice.

Action for wrongful death of plaintiff's 17 year old son Wilford Joseph Coca. The latter was driving a 1947 Buick sedanette eastward from Copperton toward Midvale in Salt Lake County on the night of August 18, 1953, and collided head-on with a westbound Chevrolet sedan driven by Juan Santiago Mateo. Both automobiles were practically demolished; the drivers were seriously injured and rendered unconscious. Approximately 10 minutes thereafter, while the wrecked cars still remained on the highway, defendant's taxicab, driven by John W. Christenson, travelling eastward, rounded a curve and struck the Buick in which Mr. Coca was sitting. He died three hours later in a hospital. Three days later, on August 21, 1953, deceased was buried and on the next day his mother, her son and daughter, and her husband, deceased's stepfather, executed a comprehensive "release of all claims" which recited that "in consideration of the payment to me * * * of the sum of $300 * * *" plaintiff released defendants from all liability.

On August 24, 1953, the check of the defendants in the amount of $300 was delivered to plaintiff. This check contained another statement of release reciting that "the endorsement and payment thereof shall constitute a full release of claims against the defendants." This check was not cashed but was later returned to the defendants.

Plaintiff thereafter commenced this action. In absence of reply, defendant made a motion for summary judgment pursuant to Rule 56 of the Utah Rules of Civil Procedure, which the trial court granted on the ground that the cause of action alleged had been fully released and settled.

Plaintiff first questions the summary judgment upon the grounds that it cannot be properly based upon an affirmative defense. No authority is cited in support of this contention; but the authority is to the contrary.[1] The motion for summary judgment is for the purpose of expediting procedure and obviating trials where no genuine issue of fact exists.[2] Where an affirmative defense is stated, such as a valid release, which would defeat the cause of action, it is the duty of the court to grant a judgment based thereon.

In asserting the invalidity of the release, four contentions are made: (a) that the release is ambiguous in that it refers to the "permanent and progressive" injuries when in fact the injured party died, (b) that there was failure of consideration since $300 *in cash* was not paid, (c) that the recital on the check that the endorsement and

1. 2 Moore's Federal Practice (2nd Ed.) Secs. 8.28 (p. 1698); 56.17(4) (p. 2177); Suckow Borax Mines Consolidated v. Borax Consolidated, 9 Cir., 1950, 185 F. 2d 196; Gifford v. Travelers Protective Ass'n of America, 9 Cir., 1946, 153 F.2d 209.

2. Rule 56(c), U.R.C.P.; Young v. Felornia, Utah, 244 P.2d 862.

payment of the check would constitute a release was never fulfilled, and (d) that the release was void because of fraud and duress..

■ In turning to a discussion of the merits of these contentions, it is to be kept in mind that a release can be avoided only if the evidence of invalidity is clear and convincing,[3] or, as has sometimes been said by this Court, clear, unequivocal and convincing.[4] If plaintiff's representations to the court on the hearing of the motion were such that he concluded that no reasonable jury (or finder of fact) could find that this burden had been met, then it was his duty to rule as a matter of law that the plaintiff's claimed cause of action against the defendants had been released.

■ (a) It requires but little reflection to demonstrate the unsoundness of the allegation that the release is void because it is ambiguous as to what was released. It is true that the printed form of the release refers to "permanent and progressive" injuries but it also recites that the release is for the accident which involved "Wilford Joseph Coca who died from injuries sustained," which it is not disputed was written into the release before its execution. It is not even suggested that there was any misunderstanding among tthe parties who con-

ferred and agreed upon the release as to the fact that Mr. Coca was dead, or as to whether the release was merely for injuries or for the loss of his life.

■■ (b) The claim of failure of consideration is likewise without merit. The release specified a consideration of $300. Section 78–27–3, U.C.A.1953 states: "The person to whom a tender is made must, *at the time,* specify any objection he may have * * * or he is deemed to have waived it * * *." It is well settled that a tender by check in lieu of cash is sufficient unless it is objected to on that ground.[5] No objection was made to the check at the time it was delivered. Had it been, the defendants would have had an opportunity to substitute cash to obviate the objection. In the absence of such objection plaintiff cannot now complain of failure of consideration because it was a check instead of cash, unless the check had been presented for payment and dishonored. This was not done. From aught that appears, if she had presented the check for payment it would have been paid, and defendants now stand ready and willing to see that the check is paid so that their part of the bargain will be kept.

■ (c) The manner in which the transaction was handled does not indicate any intention that the wording on the check, con-

3. 76 C.J.S., Release, § 69, page 711; Moruzzi v. Federal Life & Casualty Co., 42 N.M. 35, 75 P.2d 320, 115 A.L.R. 407; Edwards Mfg. Co. v. Perry, 4 Ohio App. 390.

4. Kirchgestner v. Denver & R. G. W. R. Co., Utah, 225 P.2d 754; Jimenez v. O'Brien, Utah, 213 P.2d 337.

5. See Sieverts v. White, 2 Utah 2d 351, 273 P.2d 974.

cerning release if endorsed and cashed, was to be a modification of or a condition precedent to the going into effect of the formal release, which had been agreed upon and executed.

(d) A reading of the record before us supports the ruling of the trial court in granting the motion for a summary judgment. He requested the plaintiff to indicate what claims would be made as to the invalidity of the release aside from the failure of consideration above discussed. In the colloquy between court and counsel, ample opportunity was afforded to make some showing, but plaintiff's counsel was unable to suggest anything sufficient to raise an issue of fact as to the validity of the release. Fraud and duress were touched upon. As to fraud, the representations claimed to have been made were merely that the defendant's driver was an efficient driver; that he was in no way negligent; and that the damage to the car was slight. Such statements fall far short of the requisites necessary to establish fraud.[6] The only representations made with respect to duress related to the fact that the plaintiff was emotionally distressed because of the loss of her son, which likewise would be inadequate to overcome the release because of duress.[7]

The trial court having afforded the plaintiff a fair opportunity to make any representations she could which might overcome the release, and having determined as a matter of law that her claims, even if proved, would not meet the legal requisites necessary to do so, he correctly granted the motion for summary judgment.

Other errors assigned are not deemed to be of sufficient import to here discuss. Judgment affirmed. Costs to respondent.

McDONOUGH, C. J., and HENRIOD, WADE and WORTHEN, JJ., concur.

---

6. See Pace v. Parrish, Utah, 247 P.2d 273; Stuck v. Delta Land & Water Co., 63 Utah 495, 227 P. 791.

7. See Great American Indemnity Co. v. Berryessa, Utah, 248 P.2d 367; Fox v. Piercey, Utah, 227 P.2d 763.