318 P.2d 339

Yosif B. ABDULKADIR, for himself, and as guardian ad litem for his children, Pamela Susan and Patricia Fatin, Plaintiff and Appellant,

v.

The WESTERN PACIFIC RAILROAD COMPANY, a corporation, Defendant and Respondent.

No. 8677.

Supreme Court of Utah.

Nov. 14, 1957.

Gaylen S. Young, Salt Lake City, for appellant.

Clifford L. Ashton, Grant Macfarlane, Jr., Salt Lake City, for respondent.

CROCKETT, Justice.

On the night of July 18, 1955, at a lonely and abandoned railroad station known as Barro in western Tooele County, plaintiff, Yosif B. Abdulkadir, and his wife were walking across defendant railroad company's tracks when a passenger train came

speeding out of the darkness upon them; plaintiff, shouting a warning at his wife, jumped clear, but she failed and was struck and killed.

The only known witnesses were plaintiff, the engineer, Mr. Harry Fuller, and Mr. Sam Steele, Jr., the fireman. Extensive pretrial discovery was employed by counsel for both parties, including the taking of depositions. The trial court granted defendant's motion for a summary judgment, from which plaintiff appeals.

The first attack plaintiff makes upon the summary judgment is that the procedure is too hasty. He says that if the case had been allowed to come to trial in its regular turn on the calendar, he might have been able to produce another witness or witnesses. This contention is without merit. The accident happened over a year before the motion for summary judgment was entered. There was no reasonable assurance that the witness referred to, a resident of California, might be found within a reasonable time or at all, nor that his testimony would help plaintiff if available. Speaking generally, it is to be assumed that when a plaintiff files his action he has sufficient evidence to demonstrate a right to recovery. All he is entitled to is a reasonable opportunity to marshal and present

such evidence. As the court stated in the case of Engl v. Aetna Life Insurance Co.:[1]

"It is hard to see why a litigant could not then generally avail himself of this means of delaying presentation of his case until the trial. So easy a method of rendering useless the very valuable remedy of summary judgment is not suggested in any part of its history or in any one of the applicable decisions."

The next point to consider and the gravamen of plaintiff's appeal is that the granting of the motion for summary judgment deprived him of his right of trial by jury because, he avers, there are material issues of fact in dispute.

We are in accord with the idea that the right of trial by jury should be scrupulously safeguarded.[2] This, of course, does not go so far as to require the submission to a jury of issues of fact merely because they are disputed. If they would not establish a basis upon which plaintiff could recover, no matter how they were resolved, it would be useless to consume time, effort and expense in trying them, the saving of which is the very purpose of summary judgment procedure.[3] The pertinent inquiry is whether under any view of the facts the plaintiff could recover. It is acknowledged that in the face of a motion

---

1. 2 Cir., 139 F.2d 469, 473.

2. See discussion in Stickle v. Union P. R. R. Co., 122 Utah 477, 251 P.2d 867.
3. See Moore, Federal Practice, 35602[10].

for dismissal on summary judgment, the plaintiff is entitled to have the trial court, and this court on review, consider all of the evidence which plaintiff is able to present, and every inference and intendment fairly arising therefrom in the light most favorable to him. [4]

As the plaintiff describes the occurrence, which will be referred to in more detail below, it is obvious that he had but a fleeting moment in which to observe the oncoming train. Assuming without deciding that this observation was sufficient so that his statement that he did not see a light until the instant before the impact, nor hear a whistle or bell, would amount to substantial evidence which would support a finding of negligence against the defendant on those grounds, there yet remains the critical problem: was the deceased guilty of contributory negligence as a matter of law.

■ It is a rule universally recognized, and settled beyond question in this jurisdiction, that the duty of due care requires one entering upon a railroad track to use every reasonable opportunity to look and listen for approaching trains and to exercise caution to avoid being struck. Where the physical facts and circumstances are such that he could, by looking or listening, have seen or heard the approach of the train, he cannot be heard to say that he looked and listened, yet did not see or hear it. Under such circumstances it is but natural to presume that the traveler either did not look and listen, or that he failed to heed what he perceived, [5] and such conduct will generally impute contributory negligence as a matter of law. [6]

Plaintiff does not disagree with the above rule but seeks to bring this case within those exceptions where there are obstructions, distractions, or other extenuating circumstances which may obstruct a traveler's view, or engage his attention, or lead him to rely on safety, or otherwise tend to prevent or excuse him from discovering an approaching train. Plaintiff places primary reliance upon the case of Toomer's Estate v. Union Pacific Railroad Co. [7] Therein we discussed a number of cases and situations bearing upon the general

4. Morris v. Farnsworth Motel, Utah, 259 P.2d 297; Young v. Felornia, 121 Utah 646, 244 P.2d 862.

5. Benson v. Denver & R. G. W. R., 4 Utah 2d 38, 286 P.2d 790; Toomer's Estate v. Union Pac. R. Co., 121 Utah 37, 239 P.2d 163; Holmgren v. Union Pac. R. Co., 114 Utah 262, 198 P.2d 459; Frank v. McCarthy, 112 Utah 422, 188 P.2d 737; Drummond v. Union Pac. R. Co., 111 Utah 289, 177 P.2d 903; Nabrotzky v. Salt Lake & Utah R. Co., 103 Utah 274, 135 P.2d 115; Nuttall v. Denver & R. G. W. R., 98 Utah 383, 99 P.2d 15; Pippy v. Oregon Short Line Ry. Co., 79 Utah 439, 11 P.2d 305; Haarstrich v. Oregon S. L. Ry. Co., 70 Utah 552, 262 P. 100; Butler v. Payne, 59 Utah 383, 203 P. 869; Shortino v. Salt Lake & Utah R. Co., 52 Utah 476, 174 P. 860; Wilkinson v. Oregon S. L. Ry. Co., 35 Utah 110, 99 P. 466.

6. Ibid.

7. 121 Utah 37, 239 P.2d 163.

problem of the contributory negligence of a traveler going upon a railroad crossing. Perhaps there is no better way of dealing with the plaintiff's contentions here than to recall that case and point out the distinctions between it and the instant one.

In that case plaintiff was killed by a streamliner train while driving a pickup truck across railroad tracks in the town of Cokeville, Wyoming. The facts which may have tended to obscure the situation for Mr. Toomer and have prevented him from becoming aware of the approaching train are these: a freight train had stopped on a sidetrack between Toomer and the main line tracks; its engine was all steamed up and blowing its whistle; these facts would render it difficult for him to see or hear the approaching passenger train; he reasonably could have thought that the freight train was activating the signal at the crossing; another auto and a pedestrian crossed the tracks just ahead of Mr. Toomer from which he may have taken some assurance of safe passage; it was snowing so that the visibility was poor, and the streamliner was traveling at about twice the lawful rate of speed through the town. It was held that under those circumstances reasonable minds might conclude that Toomer had exercised ordinary and reasonable care for his own safety, yet had not become aware of the train's approach in time to avoid the collision, and thus the question was properly submitted to the jury.

Reverting to the facts here, plaintiff and his wife and their two small children were traveling westward on U. S. Highway 40 on their way to Stockton, California. About 30 miles east of Wendover, Utah, one of their tires went flat. To get off the highway plaintiff turned southward on a side road which leads to this abandoned railroad station called Barro, and parked on the road between the highway and the railroad tracks, which run parallel to and about 100 feet south of the highway. When he had changed the tire, his wife indicated a desire to relieve herself and in order to find privacy the two proceeded southward along the road across the tracks.

After leaving the car, plaintiff says, he could see the first track, which was the passing track, and told his wife, "there is a railroad track here." He further stated that upon crossing the passing track, he and his wife saw the main line and that before going over it, "we were noticing both sides to see if the train was coming," but did not see nor hear any train. His wife was following about a step behind him and a little to his right. His recollection was further that as he was on the main line tracks, he was startled by the immediate presence of a train coming upon him; that it was only a few feet away and he described it as coming like a "flash from a great explosion without the sound." His automatic reaction was to jump for safety, shouting a warning at his wife at the

same time. He made it clear of the train but she failed and was killed.

It is uncontroverted that the night was clear; that the track is straight and level; and that there were no obstructions to impair the view. Plaintiff does argue that, the highway and the tracks being parallel, from a distance, the lights of automobiles on the highway and a light from the train might be confused.

We fail to see in the circumstances described any basis for bringing the deceased's conduct under exceptions such as those discussed in the Toomer case. Even if the light on the train might have been confused with lights on the highway at some distance, as close as the train must necessarily have been to these travelers when they stepped upon the tracks, it obviously would have been distinguishable had they looked. If we assume, as plaintiff suggests, that there was no light on the train until the instant before impact, such an object as a train coming toward them on the tracks would certainly not be invisible, nor noiseless. The testimony that even though they were observing for trains they neither saw nor heard one is too incredible to be accepted and comes squarely within the rule that one cannot be heard to say that he looked and listened, yet did not see or hear what was there plainly to be observed.

The unfortunate and almost inexplicable death of this wife and mother naturally inspires sympathy. However, this fact has no bearing upon the liability of the defendant nor the right of the plaintiff to have submitted to a jury the question of whether he should have some monetary recompense for her death. It is our conclusion that under the well established rules of law discussed herein, the trial court was right in determining that there was no basis upon which to permit this case to go to trial and the motion for summary judgment was correctly granted.

Affirmed. Costs to respondents.

McDONOUGH, C. J., and WADE and HENRIOD, JJ., concur.

WORTHEN, J., concurs in the result.