Nos. 18,709, 18,710.

HARLEY J. SNYDER *v.* INDUSTRIAL COMMISSION
OF COLORADO, ET AL.
(335 P. [2d] 543)

Decided February 16, 1959.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK

E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

Mr. Harold Clark Thompson, Mr. Louis Schiff, Mr. Alious Rockett, Mr. Fred Boden Dudley, for defendants in error State Compensation Insurance Fund and Frank J. Dillie.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

Donato Lopez filed his claim for workmen's compensation against Harley J. Snyder and was awarded compensation for an injured back. Dissatisfied with the award, and having exhausted administrative process, Snyder filed his complaint in the Denver District Court. There, after a hearing, an order was entered directing that the claim be returned to the Industrial Commission for further proceedings.

In the course of further proceedings leave was granted Snyder to make Frank J. Dillie an additional respondent. At the conclusion of the evidence the Referee again entered the award first made against Snyder and dismissed the proceedings as to Dillie and his insuror, the State Compensation Insurance Fund. Once more Snyder pursued his administrative remedies to ultimate failure, whereupon he filed another suit in the District Court.

Consolidation of both suits was, on motion, ordered, and hearing had thereon. The award of the Commission was sustained by the trial court, and from this adverse judgment Snyder prosecutes his writ of error.

Snyder was a cement contractor, and Lopez was one of his employees. Snyder carried no workmen's compensation insurance, and at the time Lopez was injured Snyder was not licensed to build sidewalks in Denver. Dillie, who had a city license, was also a cement contractor.

And he carried workmen's compensation insurance with the State Compensation Insurance Fund.

Snyder had entered into negotiations for the installation of sidewalks for a realty company in Denver, which eventuated in an agreement. Not having the necessary license, he agreed with Dillie, as was their wont on previous occasions, that they would do the work together, each using his employees, and after the payment of all labor and material bills, dividing the balance, if any, between them. Under this arrangement Dillie would and did obtain the permit required to install the sidewalk. The ordinance under which license and permit were obtained required Dillie to place his stamp upon the sidewalk as the contractor responsible for the job. By its terms the licensed contractor assumed the responsibility for workmanship and materials for a period of two years.

As the employee of Snyder, Lopez was directed where to work, was shifted from one job to another, and was remunerated by him for services rendered. The record indicates, however, that on the day in question Lopez received his injury while performing a task ordered to be done by Dillie.

Snyder contends that Lopez was an employee of Dillie by virtue of C.R.S. '53, 81-9-1, which provides:

"*Any person, company, or corporation operating or engaged in or conducting any business by* leasing, or *contracting out any part or all of the work thereof to any* lessee, sublessee, *contractor or subcontractor,* irrespective of the number of employees engaged in such work, *shall be construed to be and be an employer as defined in this chapter,* and *shall be liable* as provided in this chapter *to pay compensation for injury* or death *resulting therefrom to said* lessees, sublessees, *contractors and subcontractors and their employees,* and such employer as in this section defined, before commencing said work, shall insure and keep insured his liability as herein provided and such lessee, sublessee, contractor or subcontractor as well as any employee of such lessee, sublessee,

contractor or subcontractor, shall be deemed employees as defined in this chapter. Such employer shall be entitled to recover the cost of such insurance from said lessee, sublessee, contractor or subcontractor and may withhold and deduct the same from the contract price or any royalties or other money due, owing or to become due said lessee, sublessee, contractor or subcontractor. *If said* lessee, or sublessee, *contractor or subcontractor doing any work as provided in this section shall himself be an employer as defined in this chapter in the doing of such work and shall before commencing said work insure and shall keep insured his liability for compensation* as herein provided *then such person, company or corporation operating, engaged in or conducting said business shall not be subject to the provisions of this section."* (Emphasis supplied.)

This section by definition extends the concepts of "employer" and "employee" far beyond the meanings of these terms at common law. By such extension there have been introduced into the nomenclature of the law on master and servant the terms "statutory employer" and "statutory employee." Is Dillie a "statutory employer" and Lopez his "statutory employee" under the circumstances here present?

█ It appears that there is a built-in contradiction in the quoted section to an interpretation which would hold that Dillie is the statutory employer of Lopez. To regard one in his status as a statutory employer "would require judicial legislation. The provision that the Workmen's Compensation Act shall be liberally construed cannot be extended to clothe the court with power to read into it a provision which does not exist." *Colorado Fuel & Iron Co. v. Industrial Commission,* 88 Colo. 573, 298 Pac. 955.

Such "judicial legislation" would indeed operate as semantic emasculation; it would give an effect contrary to the expressed intention of the section of the Act. This

effect becomes apparent when we realize that we are dealing with a certain relationship. Although there are several relationships present in this case, there is none which fits that of the statutory employer-employee relationship defined in the section under consideration.

As to the city Dillie was the contractor; as to his own employees Dillie was their employer; as to the realty company Snyder was the contractor; but as to Dillie and Snyder, and Dillie and Lopez, let us see if and how C.R.S. '53, 81-9-1, applies.

■ A person operating or engaged in a business who contracts out a part or all of the work thereof to a contractor or subcontractor, regardless of the number of employees engaged in said work, is an employer. In our view of the facts and circumstances of this case Snyder did not contract out a part or all of the work, and Dillie was not a contractor or subcontractor to whom work was contracted out. The innapplication of C.R.S. '53, 81-9-1, does not, however, relieve Snyder and Dillie of responsibility under other provisions of the Act.

■ An employer is defined by the Act as *"Every person, association of persons * * * who have four or more persons engaged in the same business or employment,"* etc. Snyder and Dillie come within this definition. *Conover v. Industrial Commission,* 125 Colo. 388, 244 P. (2d) 875. They were engaged as principals in a joint enterprise which made them jointly responsible under the Workmen's Compensation Act. *Ragos v. Industrial Commission,* 83 Cal. App. 313, 256 Pac. 487.

Other questions involved disputed evidence as to the existence of the necessary number of employees and as to whether Lopez sustained an injury arising out of and in the course of his employment. Our function is to note the existence of such disputed evidence, and once it appears, our duty ends, for we must leave to the hearer of the evidence the problems of whom to believe and where the preponderance of proof is.

The judgment is reversed with directions to remand to the Commission for further proceedings consonant with the views herein expressed.

MR. CHIEF JUSTICE KNAUSS not participating.