364 P.2d 1020

**MARYLAND CASUALTY COMPANY and Dames and Moore, Plaintiffs,**

v.

**INDUSTRIAL COMMISSION OF UTAH and John F. O'Brien, Defendants.**

No. 9438.

Supreme Court of Utah.

Sept. 18, 1961.

**224**

Hanson, Baldwin & Allen, Salt Lake City, for appellant.

1. See Sutton v. Industrial Commission, 9 Utah 2d 339, 344 P.2d 538 and cases therein cited.

Walter L. Budge, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., Parsons, Behle, Evans & Latimer, Salt Lake City, for respondent.

CROCKETT, Justice.

This proceeding reviews an order of the Industrial Commission awarding industrial compensation to plaintiff, John S. O'Brien, who was injured while operating a rig drilling for soil samples near Castle Gate, Utah, September 7, 1959.

The petitioner Maryland Casualty Company and its insured, Dames and Moore, seek reversal of the order on the ground that Mr. O'Brien was not an employee of the latter, as found by the Commission, but was an independent contractor.

The court has on numerous occasions been concerned with the question whether one performing service for another was an employee, and therefore covered by the Workmen's Compensation Act, or an independent contractor.[1] What the relationship is depends upon the particular fact situation. It is the prerogative and the responsibility of the Commission to make this determination and it is so well established as to hardly justify repetition that its action will be sustained if there is any substantial credible evidence to support it so that it cannot properly be classified as capricious or arbitrary.[2]

2. Ibid.

It is well recognized that the Industrial Compensation Act is a departure from the rules of common law in regard to recovery for injury suffered in employment.[3] These purposes inhere in it: that injuries suffered in employment should be spread throughout and be borne by industry; and that compensation should be provided to alleviate economic hardship falling on injured workers and their dependents, which in turn has a beneficial effect in stabilizing the economy. It seems obvious that the portion of Sec. 35–1–42 bearing on the question of independent contractor as compared to employee, was designed in harmony with such objectives. It provides:

"(2) * * * Where an employer procures any work to be done wholly or in part for him by a contractor over whose work he retains supervision or control, and such work is a part or process in the trade or business of the employer, such contractor, and all persons employed by him, and all subcontractors under him, and all persons employed by any such [contractors or] subcontractors, shall be deemed, within the meaning of this section, employees of such original employer."

To accomplish its salutary purposes, the Act should be liberally construed in favor of coverage of the claimant.[4] While it is usually a fairly simple matter to ascertain whether one rendering a service bears the comparatively closer relationship of employee as contrasted to the somewhat more remote one of independent contractor, it is also true that the conditions under which service to another is rendered are subject to such variation that it has proved difficult to formulate an all inclusive exclusive definition which will always distinguish between those relationships in borderline areas.

It is unnecessary to here review the various tests that have been applied to determine whether the employer-employee relationship exists.[5] In view of the evidence to which we advert presently, it is sufficient for our purpose here to observe that generally speaking an employee is one who is hired and paid at some designated rate, usually specified as a wage or salary, to do work that is part of the trade or business of his employer, and is subject to continuous supervision, direction and control in performing his duty; whereas, an independent contractor is usually engaged to do some particular piece of work, for a set sum

3. See Wear-Ever Aluminum Co. v. Board of Review of Industrial Commission, 11 Utah 2d 283, 358 P.2d 340; Jones v. California Packing Corp., 121 Utah 612, 244 P.2d 640.

4. See Spencer v. Industrial Commission, 4 Utah 2d 185, 290 P.2d 692.
5. See Christean v. Industrial Commission, 113 Utah 451, 196 P.2d 502, for an able and comprehensive discussion.

for the completed job, and is not subject to such supervision, direction or control, but may pursue the work in his own way, and is responsible only for completing it as required by his contract.[6]

There is some dispute in the evidence, but more so as to the interpretation thereof, as to the facts bearing upon the relationship Mr. O'Brien bore to Dames and Moore. The latter, Soil Engineers, were engaged by the Utah Power & Light Company to do some testing to determine why its power plant at Castle Dale was sinking. Dames and Moore engaged Mr. O'Brien and his partner, brother-in-law, James Phizackles, to provide and operate a cable tool drilling rig and crew for drilling and sampling the soil strata underlying the power plant. It is to be conceded that as between the parties, Mr. O'Brien was not considered as an employee by Dames and Moore. They did not so carry him on their books, nor withhold any income tax or social security for him, nor make any other deductions from the money paid for his services. Nevertheless, there is evidence concerning the manner of carrying out this project which supports the Commission's finding that Mr. O'Brien should be regarded as an employee: the payment was to be made by the shift, rather than for a completed job; Dames and Moore kept a supervisor, Mr. Donald E. Nelson, on the job and he was there 95% of the time and performing that function; he fixed the length of the shift to be worked and determined whether they would work on weekends. He gave directions where to set up the rig and to dig the hole; how deep they should dig, when to bail out and clean the hole; when and where to take samples and when not satisfied to take a new one; when to stop and when to resume drilling.

It is our opinion that this evidence, in the light of the rules hereinabove discussed, provides a reasonable basis for the conclusion that Mr. O'Brien was an employee within the meaning of Sec. 35-1-42 quoted above, and therefore covered by the Industrial Compensation Act.

Affirmed. Costs to defendants.

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

6. Cf. statement in Sutton v. Industrial Commission, footnote 1 above.