386 P.2d 616

**Shirley D. COOK, Plaintiff and Respondent,**

v.

**PETER KIEWIT SONS COMPANY, a corporation, Defendant and Appellant.**

**No. 9826.**

Supreme Court of Utah.

Nov. 14, 1963.

Henriod, C. J., and Wade, J., dissented.

Bayle, Hurd, Oman & Lauchnor, Salt Lake City, for appellant.

Ballif & Ballif, Ray H. Ivie, Provo, for respondent.

CROCKETT, Justice.

Plaintiff Shirley D. Cook sued Peter Kiewit Sons, Inc., for injuries suffered while working on the diversion tunnel at the Flaming Gorge Dam in northeastern Utah.

Upon the basis of the pleadings, plaintiff's deposition, affidavits furnished by the defendant, the contract attached thereto, and answers to interrogatories, defendant Kiewit moved for summary judgment on the ground that plaintiff Cook was in effect in its employ, and that inasmuch as he was covered by and had been allowed workmen's compensation for his injury, that was his exclusive remedy, and this action was therefore not maintainable. From a denial of its motion Kiewit appeals.

Coker Construction Co., Inc. had obtained the contract to construct the diversion tunnel and had entered into an agreement with defendant Kiewit by which they would unite their efforts to complete such construction and would share in any profits or losses from the enterprise.

Plaintiff Cook was hired by Coker to work in the tunnel as a miner. His job was to drill holes in the rock, in which the charges of dynamite were placed. On March 28, 1959, Cook's jackhammer apparently struck an overlooked charge of dynamite which exploded, resulting in the loss to him of one leg below the knee and some impairment of eyesight. He applied for and was awarded the appropriate workmen's compensation for these injuries. He then brought this action against Kiewit, alleging negligence of the latter's employees.

**22**

Plaintiff concedes that under Section 35–1–60, U.C.A.1953, workmen's compensation is generally the exclusive remedy for injury suffered by an employee in his employment. However, his position is that in the instant case he comes under the exception provided for in Section 35–1–62, U.C.A. 1953:

> "When any injury or death for which compensation is payable * * * [is] : * * * caused by the wrongful act or neglect of another person *not in the same employment,* the injured employee * * * may also have an action for damages *against such third person."* (Emphasis ours.)

The question of concern is whether the undisputed facts shown by the pleadings and the documents above referred to clearly establish that the defendant Kiewit and its employees could not properly be classified as such "* * * third person[s]" who were "* * * not in the same employment. * * *" It must be agreed that if there is any reasonable prospect that the plaintiff could show that they were not in the same employment, the action might be maintained, and the summary judgment should not have been granted.[1]

▇ In approaching the question here presented it is well to keep in mind that the philosophy behind the Workmen's Compensation Act encompasses two main objectives. The first is to assure that an employee who is injured in employment will have necessary medical and hospital care and modest but certain compensation for his injury, with resulting benefits to himself, his family and to society generally; the other is to afford employers a measure of protection against exorbitant claims for injuries.

▇ In regard to the protection of employees, if circumstances were such that it was necessary to classify the plaintiff as an employee of defendant Kiewit Construction Company to qualify for workmen's compensation, undoubtedly there would have been efforts to so classify him. This not without justification. This court has frequently stated that the Act should be liberally construed and applied to afford coverage to the employee and give effect to the purposes of the Act.[2] This rule of liberality in finding coverage for the employee is sound and is applicable here, even though the plaintiff, having already obtained his award, now attempts to go contrary to this policy and "paddle for the other shore" in contending that he would not be covered by workmen's compensation as an employee of Kiewit.

1. See Samms v. Eccles, 11 Utah 2d 289, 358 P.2d 344.
2. See Jones v. Calif. Pack. Co., 121 Utah 612, 244 P.2d 640; M. & K. Corp. v. Industrial Comm., 112 Utah 488, 189 P.2d 132; Maryland Cas. Co. v. Industrial Comm., 12 Utah 2d 223, 364 P.2d 1020; Ortega v. Salt Lake Wet Wash Laundry, 108 Utah 1, 156 P.2d 885.

The language of the statute preserving an action against "* * * third persons" who are "not in the same employment * * *" seems plainly designed to apply to strangers to the employment and not to co-workers jointly engaged in the same endeavor. For example, an employee is working for a contractor in street construction when a passing motorist negligently injures him. He is entitled to the workmen's compensation; and also to sue the motorist. This is logical and just, because the fact that plaintiff is covered by workmen's compensation should give no protection to the motorist who wrongfully injured him. But there is a marked distinction between that and the instant situation.

█ It is not disputed that this was a joint venture by which the plaintiff's employer, Coker, and Kiewit agreed to join together in constructing this tunnel and to share profits or losses in the enterprise. Being so united for a common purpose for mutual profit, these companies became partners in the venture just the same as if two individuals had entered into it,[3] and whatever one company and its employees did in furthering the project would inure to the benefit of the other. Accordingly, it would seem that Coker's act in paying premiums for workmen's compensation to protect itself against loss should also redound to the benefit of Kiewit and vice versa. It also follows that under such arrangement, the partnership entity should be regarded as the employing unit; and the employees of both companies as engaged in the same employment. That such was the fact and so regarded by the employees, including the plaintiff, is borne out by his testimony in his deposition. In reference to the Kiewit employees, he said that he "* * * worked with them fairly closely * * *" and that he was directed where to drill by Kiewit engineers.

The other important purpose of the Workmen's Compensation Act, which must be given recognition and effect, is that it permits employers to pay fees for workmen's compensation insurance thereby safeguard themselves against possible disastrous claims for injuries which they may not be able to bear. This allows employers to so plan and manage their affairs as to make the wheels of industry run, with its resulting benefits, including jobs for employees. Both the giving of full effect to the act, and doing justice to the employer, require that

---

3. See Snyder v. Industrial Comm. of Colo., 138 Colo. 523, 335 P.2d 543, and supplemental case on same controversy, Industrial Comm. of Colo., et al. v. Lopez, et al., Colo., 371 P.2d 269, in which the Colorado Court, in dealing with this point, said at page 270: "Snyder and Dillie were an 'association of persons.' They were engaged as principals in a joint enterprise which made them jointly responsible under the Workmen's Compensation Act. * * * [Their] * * * employees * * * who worked on the joint venture were employees of each of them." See also, Reed, et al. v. Industrial Acc. Comm., 10 Cal.2d 191, 73 P.2d 1212, 114 A.L.R. 720.

it be so interpreted and applied as to afford the employer the intended protection as well as conferring the advantages it does upon the employee.

Another facet of the situation which should not be overlooked is that to permit the employee to sue the defendant Kiewit under these circumstances, where it is part of the employing unit, would not be in conformity with the design of the Act insofar as the employee is concerned. It is obviously intended that in consideration of the *certainty* of compensation the Act affords him, he should forego the right to sue the employer for injury. Sanctioning this action would allow him, in effect, to "have his cake and eat it too" by getting the certain workmen's compensation and also the right to sue the employing unit for another and possibly greater recovery for his injury.[4] It will thus be seen that such an interpretation and application of the statute would not be consistent with the objectives it is designed to accomplish, either for the employer or the employee. The summary judgment should have been granted.[5] It is so ordered. Costs to appellant (defendant).

McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, Chief Justice (dissenting).

I dissent for a very simple reason: At this point there is nothing substantial to reflect what the true facts are, and it seems to me that we indulge in conjecture about contracts between entrepreneurs, which contracts sometimes are worded and urged as a reason for nonliability to an employee whose interest in reading them, much less trying to interpret them as a matter of law, would be more remote than his interest in next month's television program.

The main opinion assumes that there was a joint venture or partnership, based upon an exchange of writings between Coker and Kiewit. It would be interesting to know if Coker and Kiewit filed a joint partnership return with the state and federal taxing agencies. It would be interesting to check their respective books as to who paid whom, and over whom who had control. It appears that Coker *alone* paid for the workmen's compensation coverage, and plaintiff's statement that he worked with Kiewit's *employees* does not connote any partnership relationship but on the contrary negates it.

Also it seems somewhat significant that defendant, in its answer "admits that * * * plaintiff was an employee of Coker * * *." This admission is fortified by plaintiff's deposition, with his assertion that

---

4. It is appreciated that under Section 35–1–62(2) U.C.A.1953, if plaintiff recovered he would have to repay the amount received under workmen's compensation.

5. See statement as to advantage and propriety of summary judgment where justified to avoid trial, in Brandt v. Springville Bank Co., 10 Utah 2d 350, 353 P. 2d 460.

his immediate superiors and he were working for Coker, were paid by it, and that's it.

Questions unsolved here are: Shouldn't it be shown affirmatively that if this be a partnership, Kiewit did or did not pay its 45% of the workmen's compensation contribution? That Coker and Kiewit did or did not file joint returns to taxing authorities? Should a workman, insisting he is an employee of Coker and tending to prove it by having workmen's compensation paid for only by Coker, be bound factually by self-serving recitations in contracts between Coker and Kiewit? Why not find out what the true facts are instead of concluding on a motion for summary judgment that employers can determine the status of employees on a project involving several contractors, where a workman works and looks to the one who employs him and not to the verbiage of what sometimes proves to be mysterious and contentious not only to laymen, but to lawyers, as is reflected in this most disputatious case itself.

It seems that something more is needed here, factually, and I am of the opinion that the trial court did not err in denying the motion for summary judgment.

1. Utah Rules of Civil Procedure, Rule 56, and annotations to that rule both in Vol. 9 and pocket supp. of 9, U.C.A.1953, and particularly the following cases: Home Town Finance Corp. v. Frank, 13 Utah 2d 26, 368 P.2d 72; Tanner v. Utah Poultry, 11 Utah 2d 353, 359 P.2d 18; Bullock v. Deseret Dodge Truck

WADE, Justice (dissenting).

A summary judgment should be granted only when there is a clear showing that as a matter of law the loser is not entitled to any relief.[1] And in determining this question we should construe all of the facts and circumstances in the light most favorable to the party against whom the summary judgment is awarded.

Under Sec. 35–1–62, U.C.A.1953, if a workman's compensable injury is caused by the wrongful act or neglect of another person who is "not in the same employment" as the person injured, such injured employee may claim compensation and may also have an action for damages against the person causing the injury. I do not think that the fact that Kiewit is sharing in the profits with Coker Construction, Inc. for the construction of this tunnel as a joint venture necessarily requires that all the employees of both Kiewit and Coker are in the same employment. That in my opinion would depend on how they divided the work and whether the employees of one of the parties had any supervision or control over the employees of the other party.

I find no showing in this record whatever that Coker or its employees executed

Center, Inc., 11 Utah 2d 1, 354 P.2d 559; In re Williams' Estate, 10 Utah 2d 83, 348 P.2d 683; Abdulkadir v. Western Pacific Railroad Co., 7 Utah 2d 53, 318 P.2d 339; Ulibarri v. Christenson, 2 Utah 2d 367, 275 P.2d 170; Holland v. Columbia Iron Mining Co., 4 Utah 2d 303, 293 P.2d 700, 702–708.

or retained any supervision or control over the work being done by Kiewit; or that Kiewit employees exercised any supervision or control over the employees of Coker. In the absence of such a showing under Sec. 35-1-42, U.C.A.1953, it seems clear to me that the employees of Kiewit were not in the same employment as the plaintiff Cook,[2] and he is entitled to prosecute this action for damages against Kiewit.

However, I make no claim whatever that such a showing could not be made in the trial of the case. But until there is such a showing I think that there is no justification for the summary judgment.

2. See Murray v. Wasatch Grading Co., 73 Utah 430, 274 P. 940; Weber County-

Ogden City Relief Comm. v. Industrial Comm., 93 Utah 85, 71 P.2d 177.