RUSTLER LODGE and State Insurance
Fund, Plaintiffs,

v.

INDUSTRIAL COMMISSION of Utah
and Rayel Jensen, Defendants.

No. 14616.

Supreme Court of Utah.

March 16, 1977.

Robert D. Moore, Rawlings, Roberts &
Black, Gregory C. Diamond, Salt Lake City,
for plaintiffs.

Vernon B. Romney, Atty. Gen., Robert J.
Shaughnessy, Asst. Atty. Gen., Salt Lake
City, for defendants.

HALL, Justice:

The Industrial Commission ruled that
Rayel Jensen, hereinafter called "Jensen"

was an employee of Rustler Lodge, rather than an independent contractor, on the following facts. Jensen was a skilled drywall applicator operating a business with an associate under the name of Triangle Drywall. The lodge initially contacted Triangle to get this particular job done, however, Triangle was not interested and suggested Jensen might handle it individually. The lodge negotiated with Jensen pointing out the scope of the work, and an agreement was made under the terms of which Jensen was to furnish materials necessary to drywall a storage area and the ceiling of a conference room but to be paid for by the lodge. Jensen was to furnish his own special tools and the lodge to furnish a protective drop cloth and a ladder. It was further agreed that Jensen would be paid at the hourly rate of $8.

The lodge is in the lodging and restaurant business and in connection therewith conducts its own maintenance and repairs with a handyman crew hired for that purpose.

Jensen fell on a stairway while performing his services at the lodge and suffered injuries necessitating surgery.

 The question of whether or not one engaged in a service for another is an employee or an independent contractor, within the meaning of the Workmen's Compensation Act, is a jurisdictional question which requires this court to determine the status from the facts submitted, by a preponderance of the evidence.[1] But where, as here, the evidence in the case is largely uncontradicted, the problem is not so much one of examining the record to determine whether the evidence preponderates for or against the conclusion of the Commission, but rather of determining whether the

Commission drew the correct legal conclusion therefrom.[2]

The question of when one is an employee or an independent contractor has been before this court since 1912, beginning with the case of *Callahan v. Salt Lake City,* 41 Utah 300, 125 P. 863, and in the case of *Ludlow v. Industrial Commission,* 65 Utah 168, 235 P. 884, Mr. Justice Thurman, speaking for the court, says:

> An independent contractor can employ others to do the work and accomplish the contemplated result without the consent of the contractee, while an employee cannot substitute another in his place without the consent of the employer, . .

 The determination of the status of an employee is based on various factors and of primary concern is the control, direction, supervision, or the *right* to control, direct or supervise on behalf of the employer. When the employer retains supervision and control of the work to be performed, the workmen are employees,[3] and in *Sommerville v. Industrial Commission,* 113 Utah 504, 196 P.2d 718, 720 (1948), this court said:

> It is now well settled in this jurisdiction that the crucial factor in determining whether an applicant is an employee or an independent contractor is whether or not the person for whom the services are performed had a *right to control* the execution of the work. [Emphasis added.]

In the case of *Sutton v. Industrial Commission*[4] we referred to our previous adoption of the criteria set forth in the Restatement of Agency, Sec. 220, p. 485, for making the distinction between the two relationships[5] and stated the following:

> While the elements of control by the employer and the intent of the parties are the most important ones, none of the

1. *Luker Sand and Gravel Co. v. Industrial Commission,* 82 Utah 188, 23 P.2d 225; *Parkinson v. Industrial Commission,* 110 Utah 309, 172 P.2d 136; *Maryland Casualty Co. v. Industrial Commission,* 12 Utah 2d 223, 364 P.2d 1020.

2. *Stover Bedding Co. v. Industrial Commission,* 99 Utah 423, 107 P.2d 1027, 134 A.L.R. 1006.

3. *Angel v. Industrial Commission,* 64 Utah 105, 228 P. 509.

4. 9 Utah 2d 339, 344 P.2d 538, 540.

5. *Christean v. Industrial Commission,* 113 Utah 451, 196 P.2d 502.

factors separately is controlling. It is from consideration of all of them together that determination is to be made whether the relationship is in essence that of an employer-employee or independent contractor, which is primarily the responsibility and the prerogative of the Commission.

U.C.A.1953, 35–1–42(2) is pertinent to our disposition here and it reads in part as follows:

> . . . Where any *employer* procures *any work* to be done wholly or in part for him by a *contractor* over whose work he retains *supervision* or *control,* and *such work is a part or process in the trade or business of the employer, such contractor,* and all persons employed by him, and all subcontractors under him, and all persons employed by any such subcontractor, *shall be deemed,* within the meaning of this section, *employees* of such original employer. . . . [Emphasis added.]

In determining whether the Commission drew correct legal conclusions from the facts a further brief review of the facts is helpful. It appears clear that the lodge regularly employed maintenance and handy men and Jensen in fact acknowledged that they were engaged in the performance of light construction activity about the lodge at the same time in question.

It must be conceded that drywall and ceiling repairs are activities common to most businesses, particularly a lodge and restaurant, and that the services performed by Jensen were in the same nature of maintenance and repairs being carried on by other employees of the lodge and hence a part or process of the trade or business of the lodge.

The fact that Jensen was taken over the entire job, shown what services were to be performed, not allowed to commence work on his first appearance, directed where to stack the dry wall and to use care in protecting the floor, furnished a protective covering and a ladder and paid at an hourly rate, are all indicative of adequate elements of control to warrant the findings of the Commission. It is noted that there are no facts to support a possible substitution of workman as discussed in Ludlow, supra. Quite to the contrary, the lodge first contacted Jensen's *firm* which declined to take the job and made a referral to applicant *individually* and such is indicative of the intent of the parties establishing an employee relationship.

The evidence here, viewed in the light of the numerous pronouncements of this court, provides a reasonable basis for the conclusion reached by the Commission that Jensen was an employee.

Affirmed. Costs to the defendants.

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

WILKINS, J., does not participate herein.