**Frank ROBERTSON, Plaintiff and Respondent,**

**v.**

**COMMERCIAL SECURITY BANK, Defendant and Appellant.**

**No. 14538.**

Supreme Court of Utah.

Dec. 1, 1976.

Richard L. Stine, E. W. Jones, of Olmstead, Stine & Campbell, Ogden, for defendant-appellant.

Robert J. DeBry, Salt Lake City, for plaintiff-respondent.

HENRIOD, Chief Justice:

Appeal from a directed verdict for Robertson in a case sounding in negligence, allegedly by the transmission of funds by wire in which the money originally was payable to Robertson *and* Harrison, and the defendant allegedly caused it tortiously to be transmitted to Robertson *or* Harrison, where the latter received the wired draft, endorsed it, cashed it, and disap-

peared. Affirmed, with costs to Robertson.

The conceded facts in this case may be abstracted as follows:

The plaintiff, Robertson, resident of New Plymouth, Idaho, was induced by one Harrison (who came to Robertson's place of business) to invest $16,500 in a corporation named Pharos, with offices in Murray, Utah, operator of a fertilizer plant in Tooele, Utah, a few miles away. Robertson borrowed the money from a friend and delivered it to Harrison.

At the time for repayment, the company had sold out, but it executed a check payable to both Robertson *and* Harrison, as joint payees drawn on defendant's branch bank at Murray, Utah. Why this was done is not explained and Robertson did not know why the joint payee setup evolved. Nonetheless, both endorsed the check, and *Robertson* (not Harrison) presented it for payment by depositing it in his account in the Bank of Idaho at New Plymouth, Idaho.

The check bounced, followed by Robertson contacting Harrison. The latter said he would take care of the matter, which he did in part only.

He deposited a cashier's check in defendant's bank, payable to Robertson *and* Harrison, picked up the worthless check in exchange and told the defendant bank to process it as written (in the conjunctive) by wire, instead of by mail. Defendant not being a member of the Federal Reserve Bank, acting through an intermediary Salt Lake City bank agency that was a member, instructed the latter to complete the transaction by wire, which was done by authorizing, however, the payment to Robertson *or* Harrison, not to Robertson *and* Harrison and for some unexplained reason the money was paid to Harrison who then disappeared. All this, unbeknown to Robertson to whom the initial payment had been delivered (by what turned out to be a worthless check, drawn by the Pharos corporation) and deposited by him.

The Bank contends that 1) Harrison was an indispensable party whose refusal to concede was error on the part of the trial court; 2) that a directed verdict constituted error, and 3) that a negotiable instrument with joint payees is payable only if all of them endorse it, and that here both Robertson and Harrison endorsed the instrument, thus discharging it when cashed by Harrison after such joint endorsement.

■ As to 1): This action is one ex malificio, not ex contractu. Harrison had nothing to do with the gravamen of this litigation: a *negligent payment* made contrary to instruction. His malediction or peculation was not a cause of the alleged tort, but the result of it. We think Robertson or the Bank or both may have a cause of action against Harrison, but his absence or non-joinder here can in no way impugn the integrity or validity of plaintiff's action. The latter's cause of action would lie whether Harrison was a party or not. It is highly significant that neither party sought Harrison's joinder, and the contention was raised only in argument in the twilight of the case. We think the position of defendant on this point is not tenable here.

■ As to 2): With respect to the directed verdict being in error, it is elementary that failing dispute in the facts, such procedure is acceptable on motion.[1] We believe and hold that the record reflects a lack of due care in the banking transaction here as to generate compensability arising out of tort, that is not evidenced by anything other than a breach of duty. In this connection, we believe defendant's contentions are based on alleged contractual principles that are strangers to the basis and supported theory espoused by the plaintiff.

■ As to 3): Had defendant marked the check payable to both Robertson *and*

1. *Anderson v. Gribble,* 30 Utah 2d 68, 513 P.2d 432 (1973); 5A Moore's Fed.Prac. 50.-02(1); See also *Clack v. Sterling,* 17 Utah 2d 245, 408 P.2d 904 (1965); *Romney v. Covey,* 100 Utah 167, 111 P.2d 545 (1941).

Harrison, which was the way the cashier's check was written, both payees would have had to endorse in order to receive payment. The use of the telegraph instead of a mailed envelope containing the check, should not alter the principle to which even defendant accedes. It was the *change in payees from the conjunctive to the disjunctive* that constituted a breach of conduct as otherwise authorized and directed, allowing what turned out to be an absconder to obtain the money which otherwise he could not have accomplished if the clear interdiction of the maker of the negotiable paper had been accomplished.

ELLETT, CROCKETT, MAUGHAN and WILKINS, JJ., concur.