**LIVINGSTON INDUSTRIES, INC., a corporation, Plaintiff and Appellant,**

v.

**WALKER BANK & TRUST COMPANY, a Utah Banking Corporation, Defendant and Respondent.**

No. 14751.

Supreme Court of Utah.

Aug. 11, 1977.

Bryce E. Roe and Terry L. Christiansen of Roe & Fowler, Salt Lake City, for plaintiff and appellant.

D. Miles Holman of Jones, Waldo, Holbrook & McDonough, Salt Lake City, for defendant and respondent.

HALL, Justice:

This is an appeal from a summary judgment in favor of defendant bank in an action filed by plaintiff to recover the sum of $4,277.00 given to defendant by one of its customers for payment to plaintiff but paid over to another contrary to agreement.

On or about May 10, 1972, Wash-A-Matic, Inc., a distributor of plaintiff, sold certain car washing equipment to one Clarence Hollingshead who in turn entered into an agreement with Equitable Leasing Company under the terms of which it purchased the said equipment and leased it to Holl-

ingshead. In January, 1974, Equitable owed plaintiff a balance of $4,277.80 on the purchase price and gave plaintiff a check therefor. The same was dishonored on presentation and plaintiff demanded a cashier's check, telling Equitable not to release any funds to Wash-A-Matic. Equitable's representative, David N. Phelps, went to defendant's Centerville Branch where Darol Wintle, assistant manager, agreed on behalf of the bank to forward a $4,277.80 cashier's check to plaintiff and not to Wash-A-Matic. Contrary to the agreement, defendant delivered a cashier's check in the amount of $4,277.00 to Wash-A-Matic. Based on these facts the trial court determined no right of action existed in favor of plaintiff against the bank.

Plaintiff assigns as error the denial of its right to proceed to trial on third-party beneficiary theories based on conversion or negligence.

■ Summary judgment is proper only if the pleadings, depositions, affidavits and admissions show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law,[1] and the evidence, when viewed in the light most favorable to the loser, must show that there is no genuine issue as to any material fact.[2]

The facts here reveal that defendant bank may very well have a duty to pay plaintiff in accord with the instructions of its depositor and a breach thereof may subject them to the loss. See *Pacific Metals Co. v. Tracy-Collins Bank and Trust Company*[3] and *Robertson v. Commercial Security Bank.*[4]

An additional question of fact appears to be inherent in plaintiff's claim of standing before the court on a third party beneficiary contract theory and the case of *Walker Bank and Trust Company v. First Security Corporation*[5] appears to recognize such a

rule. Also, such a cause of action for failure to follow direction of a depositor is recognized in Corbin on Contracts, Section 775 (1952) where the following example is set forth:

. . . B promises to A to deposit $100 in the City Bank to C's credit; the deposit will create a right in C against the bank.

A further example is set forth by Corbin in Section 783:

. . . A can have the bank transfer the account on its books to C. This is a transaction between A and the Bank, C's knowledge and assent being unnecessary. Here, as in the first case supposed, C is the beneficiary of a contract between A and the bank. As such, C can enforce the bank's promise to A.

■ Plaintiff has raised a substantial issue of fact as to the relationship of Equitable and defendant and the consequences of the failure to follow the instructions of its depositor which renders summary judgment inappropriate.

The summary judgment is reversed and the case is remanded for trial.

ELLETT, C. J., and CROCKETT and MAUGHAN, JJ., concur.

WAHLQUIST, District Judge: (dissenting).

I respectfully dissent.

The problem presented has been a common one in legal history. It arises when a third party sues a bank alleging that the bank had been told by a depositor to pay the third party a sum of money then on deposit and the bank later refused to do so. The third party usually alleged a third party beneficiary contract or an equitable assignment of funds. The bank usually alleged that no instructions had been given, or that the instructions were merely oral and the bank insisted that the matter be

---

1. *In re Williams' Estates,* 10 Utah 2d 83, 348 P.2d 683.

2. *Bullock v. Deseret Dodge and Truck Center, Inc.,* 11 Utah 2d 1, 354 P.2d 559, *Tanner v. Utah Poultry and Farmers Co-op,* 11 Utah 2d 353, 359 P.2d 18.

3. 21 Utah 2d 400, 466 P.2d 303.

4. Utah, 557 P.2d 150 (1976).

5. 9 Utah 2d 215, 341 P.2d 944.

reduced to writing. The problem is discussed in 10 American Jurisprudence Second, Banks, Section 568, Liability to Holder or Payee; and referred to in 9 Corpus Juris Secundum, Banks and Banking, Section 366, Liability to Holder of Check for Refusal to Pay. The compilers of the Uniform Negotiable Instruments faced the problem and presented their solution. Utah adopted the Uniform Negotiable Instruments and it was known as Title 44 of the Utah Code Annotated. That statute has now been repealed. (See *State Bank of Southern Utah v. Stallings,* 19 Utah 2d 146, 427 P.2d 744.) Utah has now enacted the Uniform Commercial Code which covers this subject in the same manner. This code is known as Title 70A of Utah Code Annotated. Insofar as applicable to this situation, Section 409, Chapter 3, Title 70A, Utah Code Annotated, provides:

"(1) A check or other draft does not of itself operate as an assignment of any funds in the hands of the drawee available for its payment, and the drawee is not liable on the instrument until he accepts it. . . ."

Section 410, Chapter 3, Title 70A, Utah Code Annotated further provides:

(1) Acceptance is the drawee's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his signature alone. It becomes operative when completed by delivery or notification. . .

This case presents a problem that the above statutes were intended to remove. The plaintiff below alleged that the depositor's agent told, that is orally, a bank's agent out at a branch bank to pay the plaintiff directly as opposed to making payment to the plaintiff's local distributor; they allege that this constitutes a third party beneficiary contract. The bank later made payment to the local distributor. This is alleged to be the breach of contract. The depositor and the local distributor are not parties to this action; however, the entire group are parties to another action pending in another county where hopefully the money in question might reach the proper party.

If the plaintiff's allegations are factual, the court below's summary judgment would be properly entered because:

First: The directions to the bank were oral only.

Second: The bank's acceptance of the obligation to pay was oral only.

Historically, these disputes have had their origin in some form of oral discussion or communications. The situations have placed banks in an uncomfortable position of being forced at their peril to either make decisions in favor of their depositors as against the depositors' creditors, or in favor of creditors against their depositors, or in favor of one creditor in priority over other creditors. The common law precedents, with little exception, have reached the same conclusion as the compilers of both uniform statutes. The solution has been that this style of alleged agreement is unenforceable unless reduced to writing either in the form of a check, draft, or other memorandum and accepted in writing.

I believe that the majority opinion is contrary to the state statute. The precedent this case will set re-introduces the confusion into banking that has been carefully removed by common law precedents and the uniform statutes.

WILKINS, J., having disqualified himself, does not participate herein.