**Howard S. CLARK, Plaintiff and Appellant,**

v.

**AMERICAN STANDARD, INC., a corporation, Defendant and Respondent.**

**No. 15362.**

Supreme Court of Utah.

Aug. 8, 1978.

Thomas A. Quinn and Judith Mitchell Billings, of Ray, Quinney & Nebeker, Salt Lake City, for plaintiff and appellant.

F. Alan Fletcher and William L. Crawford, of Parsons, Behle & Latimer, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

This matter involves an action for alleged breach of a consulting services contract. Plaintiff claims that defendant breached a contractual obligation to him as a party or, in the alternative, as a third-party beneficiary of the subject contract.

The plaintiff appeals from the granting of defendant's motion for summary judgment and a denial of plaintiff's motion for summary judgment by the District Court for Salt Lake County.

Plaintiff was a partner in Associated Design Group (partnership), a plastic plumbing partnership in Salt Lake City. Defendant, a large New York plumbing corporation, desired to enter the plastic plumbing mar-

---

ket by acquiring the assets of the partnership. Defendant and partnership negotiated an "Understanding" which was subsequently reduced to a "Bill of Sale" and a "Letter of Agreement." These agreements were accepted by the partnership and signed by the partners in 1967.

Under these agreements the partnership transferred all of its assets (dies, designs, molds, etc.) to a newly formed corporation, Associated Design Group, Inc. (ADG, Inc.). The stock of ADG, Inc. was owned equally by the partnership and defendant. The officers of ADG, Inc. were the partners of this partnership and these individuals also constituted one-half of ADG, Inc.'s board of directors.

ADG, Inc. agreed to provide design services, specifically including those of plaintiff and his partners. The partners individually signed an agreement not to compete with defendant. In the "Understanding" it was agreed that this new corporation, ADG, Inc. would pay plaintiff and his partners a yearly fee set initially at $17,500 each. No contract was ever drawn between plaintiff and ADG, Inc. but plaintiff was paid this sum by ADG, Inc. until the latter was merged into defendant.

For its part, defendant made an initial cash payment for the transferred assets, agreed to pay ADG, Inc. a minimum yearly project fee of $50,000, and established a profit sharing plan with ADG, Inc. for profits derived from the sale of products designed by the latter. The project fee and profit sharing agreement were contingent upon the continued service of plaintiff and his two partners. If ADG, Inc. was unable to provide defendant with the services of any two of these three individuals the profit sharing and project fees would cease at defendant's option. This agreement was for a duration of seven years with the defendant having a right to terminate, after the expiration of four years, on six months' notice to ADG, Inc.

Unforeseen problems arose and a modifying agreement was reached in 1968. Under this last agreement, defendant guaranteed payment of a $65,000 debt which ADG, Inc. had incurred and assumed some other outstanding obligations of the latter. Defendant also released one of plaintiff's partners from further rights and obligations in return for a separate compensation agreement. Modifications were also made in the profit sharing and project fee arrangements.

Defendant also purchased an option to buy all of the stock of ADG, Inc., held by the partnership and an irrevocable two-year proxy to vote that stock. It was agreed that if defendant exercised its option and became the sole stockholder it could then dispose of ADG, Inc. as it desired without further consent from the contracting parties. A statement that the 1967 service agreement would continue to be honored by defendant after it disposed of ADG, Inc. was crossed out of the 1968 agreement.

In 1969 defendant negotiated a separate agreement with plaintiff's remaining partner and in December of that same year exercised its stock option. ADG, Inc. was then merged into defendant, after which plaintiff did not receive any payments from defendant.

Plaintiff brought this suit for breach of contract claiming that the various agreements required defendant to pay him a yearly service fee. Plaintiff claimed to be a direct party to these agreements, or, in the alternative, a third-party beneficiary.

On motions for summary judgment by both parties, plaintiff and defendant agreed that there was no issue of fact and that all the agreements were not ambiguous, though both parties advocated opposing conclusions from these "unambiguous" documents. The District Court granted defendant's motion for summary judgment and dismissed plaintiff's complaint. From this judgment plaintiff appeals and asserts the same arguments made below.

■ With respect to whether plaintiff was a direct party to the agreements our conclusion is in harmony with the District Court that he was not. The parties to the critical "service agreement" of 1967, under which plaintiff claims his service fees, were

ADG, Inc. (plaintiff signing for the corporation as an officer thereof) and defendant. We therefore affirm the District Court's decision on this matter.

■ Plaintiff's claim as a third-party beneficiary presents a different question. The American Law Institute's Restatement of Contracts, Second, Sec. 133, in pertinent part, states the modern rule of third-party beneficiary as follows:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

The old concept of "donee" and "creditor" beneficiaries, we believe, is somewhat clouded with semantic difficulties and confusion. See Introductory Note, Chapter 6, *Restatement of Contracts*, Second. The Restatement classification of "intended beneficiaries" removes these difficulties and provides a useful standard of guidance.

Under this standard the *intent* of the contracting parties (ADG, Inc. and defendant) must be ascertained before it is possible to decide if a third party (plaintiff) has a right enforceable under the contract.

Whether the contracting parties (ADG, Inc. and defendant) intended plaintiff to be a beneficiary is a question of fact which is in dispute, as shown by the parties' conflicting motions and affidavits, and summary judgment on the third-party beneficiary claim is improper.[1] As noted herein, (a) affirmed in part, and (b) reversed and remanded for determination of the factual matter just discussed. No costs awarded.

ELLETT, C. J., and MAUGHAN and HALL, JJ., concur.

CROCKETT, J., concurs in the result.

---

1. Rule 56(c), U.R.C.P., *Livingston Industries, Inc. v. Walker Bank & Trust Company*, Utah, 565 P.2d 1117 (1977).