**630**

O.I.C., INC., a Utah corporation, dba
V.R. Business Brokers, Plaintiff
and Appellant,

v.

Delbert WILCOX and Betty Frandsen,
Defendants and Respondents.

No. 19372.

Supreme Court of Utah.

May 29, 1987.

Richard Moffat, Christopher Burke, Salt
Lake City, for plaintiff and appellant.

Michael Harrison, Price, for defendants
and respondents.

PER CURIAM:

Plaintiff, a real estate broker, brought
this action against defendants to recover a
sale's commission under a written listing
agreement. The trial court granted de-
fendants' motion for summary judgment,
ruling that enforcement of the listing
agreement was barred by the statute of
frauds. Plaintiff appeals.

Marilee Faulkner, a saleswoman for
plaintiff, went to the home of defendant
Betty Frandsen to inquire whether she
would list for sale with plaintiff a cafe
located in Castle Dale, Utah. Frandsen
explained that her father (defendant Del-
bert Wilcox) owned the property, but that
she thought he would want her to list the
property for him. At Faulkner's request,
Frandsen signed her name and her father's
name on a printed listing agreement fur-
nished by Faulkner. It provided that for
six months plaintiff would have the sole
and exclusive right to sell the cafe and that
plaintiff's commission would be 12 percent
of the sales price, but not less than $18,000.
Wilcox was apparently not informed of the
listing agreement and independently sold
the property during the six-month period.

Plaintiff brought this action against Wil-
cox and Frandsen on the listing agreement,
seeking the $18,000 commission, costs, and
attorney fees. Defendants answered alleg-
ing, *inter alia*, that Wilcox had not autho-
rized Frandsen to act as his agent and that
plaintiff's claim was barred by the statute
of frauds. Plaintiff moved for summary
judgment on the ground that Frandsen had
signed the listing agreement and was liable
thereon. Frandsen filed a motion in oppo-
sition and also moved for summary judg-
ment based upon her affidavit that she had
no written authorization to list the property
and that plaintiff had made no inquiry of
her authority. After a hearing, the trial
court granted defendant's motion "dismiss-
ing this action, with prejudice as to any
claim for damages under the real estate
listing."

The statute of frauds, codified at Utah Code Ann. §§ 25–5–1 to 9 (1984) provides:

> In the following cases every *agreement shall be void unless* such agreement, or some note or memorandum thereof, is *in writing subscribed by the party to be charged* therewith:
>
> . . . .
>
> (5) Every *agreement authorizing or employing* an *agent* or *broker* to *purchase or sell real estate* for compensation.

Utah Code Ann. § 25–5–4 (1984) (emphasis added).

It is undisputed that Wilcox did not sign the listing agreement, nor did he authorize Frandsen to sign for him as his agent. Furthermore, Utah Code Ann. § 25–5–1 (1984), requires that in real property transactions, the agent of the seller must have written authorization:

> *No* estate or interest in real property, other than leases for a term not exceeding one year, nor any trust or *power over or concerning real property* or *in any manner relating thereto, shall be created, granted, assigned, surrendered* or declared *otherwise than* by act or operation of law, or by deed or conveyance *in writing subscribed by the party* creating, granting, assigning, surrendering or declaring the same, *or by his lawful agent* thereunto *authorized by writing.*

(Emphasis added.) *See also Williams v. Singleton,* 723 P.2d 421 (Utah 1986).

Plaintiff contends that even though its action against Wilcox was barred by the statute of frauds, its complaint stated a cause of action against Frandsen for damages it sustained by Frandsen's misrepresenting her authority to act as an agent. Plaintiff argues that it should not have been precluded by the summary judgment from pursuing this cause of action. A short answer to plaintiff's contention is that plaintiff presented nothing to the trial judge at the hearing on the motion for summary judgment to support a cause of action against Frandsen for misrepresentation of her authority. On the other hand,

Frandsen supported her motion for summary judgment with her affidavit that Faulkner came to Frandsen's home where Frandsen disclosed to her that she had no ownership in the property and stated only that she thought her father would want her to list the property. She signed both her name and her father's name on the listing agreement at the request of Faulkner. She did not designate that she was signing as agent for her father. Plaintiff did not file a counter-affidavit or make any other attempt to controvert Frandsen's sworn statements. Under these circumstances, the trial court did not err in granting summary judgment. There was no factual dispute since nothing was presented to show that there had been any misrepresentation by Frandsen of her authority.

Judgment affirmed.