STATE of Utah, Plaintiff and Petitioner,

v.

Robert HAGEN, Defendant
and Respondent.

No. 910017.

Supreme Court of Utah.

July 17, 1992.

Remittitur Stayed Aug. 18, 1992.

R. Paul Van Dam, David B. Thompson, and Michael M. Quealy, Salt Lake City, for plaintiff and petitioner.

Joel Berrett, Roosevelt, for defendant and respondent.

DURHAM, Justice:

Defendant Robert Hagen pleaded guilty in Eighth District Court to distributing a controlled substance, a third degree felony under Utah Code Ann. § 58–37–8(1)(b)(ii) (Supp.1991). The plea affidavit stated that defendant sold marijuana from his residence in Myton, Duchesne County, Utah. Prior to sentencing, defendant moved to arrest judgment and to withdraw his guilty plea. In his motion, he challenged the court's jurisdiction on the basis that he was an Indian and his alleged crime occurred in Indian country, the Uintah–Ouray Reservation, and was thus not subject to state court jurisdiction. Federal law provides for exclusive federal jurisdiction over a defendant who is an American Indian and who commits a criminal offense in Indian country.[1] 18 U.S.C. §§ 1152, 1153 (1988). The court denied the motion. Defendant subsequently appealed the conviction to the Utah Court of Appeals. The court of appeals reversed defendant's conviction, holding that a 1985 Tenth Circuit decision had conclusively determined that Myton was in Indian country and holding that the State had failed to meet its burden of disproving defendant's personal Indian status. We issued a writ of certiorari to review the decision of the court of appeals.

We conclude that the court of appeals erred in treating Myton as Indian country. This court's opinion today in *State v. Per-*

---

1. There are certain exceptions to this general grant of jurisdiction. These exceptions, howev-

er, are not relevant to the disposition of this case.

*ank*, 858 P.2d 927 (Utah 1992), establishes that for purposes of criminal jurisdiction, Myton, Utah, is not in Indian country. *See id.* at 934 n. 10; *id.* at 953. In *Perank*, we held that 1902 and 1905 congressional acts diminished the original Uintah Indian Reservation boundaries and that subsequent homesteading and settlement therefore occurred on lands restored to the public domain. *See id.* at 934, 941–946. We concluded that Myton, Utah, where defendant's alleged criminal conduct occurred, is therefore not in Indian country. *See id.* at 953. Thus, in the instant case defendant's criminal conduct in Myton may form the basis of state court jurisdiction, regardless of defendant's personal Indian status. We therefore reverse the decision of the court of appeals and reinstate defendant's conviction.

Reversed.

HALL, C.J., and HOWE, Associate C.J., and STEWART, J., concur.

ZIMMERMAN, J., dissents.