**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Plaintiff and Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Appellee.**

No. 960329–CA.

Court of Appeals of Utah.

Oct. 18, 1996.

Aaron Alma Nelson and Clifford J. Payne, Hanson, Nelson, Chipman and Quigley, Salt Lake City, for Appellant.

Gary D. Josephson, Richard K. Spratley and Associates, Salt Lake City, for Appellee.

Before DAVIS, Associate P.J., and BILLINGS and WILKINS, JJ.

## OPINION

WILKINS, Judge:

Universal Underwriters Insurance Company (Universal Underwriters) appeals the trial court's order granting summary judgment in favor of State Farm Mutual Automobile Insurance Company (State Farm). We affirm.

## BACKGROUND

Universal Underwriters and State Farm formally stipulated to the facts in this case, and we recite them accordingly.

This case arose from two October 1993 car accidents. The first accident occurred when a vehicle owned by Gus Paulos Chevrolet and driven by Ronald Aline collided with a vehicle owned by Gary Robinson and driven by Jenny Wong. The vehicle driven by Aline was insured under a garage liability policy issued to Gus Paulos Chevrolet by Universal Underwriters. Aline was also insured under a motor vehicle liability policy issued to him by State Farm.

The second accident occurred when a vehicle owned by Hayes Brothers Buick and driven by Ryan Jarman collided with a vehicle owned and driven by Nuala Kuntzman. As in the first accident, the vehicle Jarman was driving was insured under a garage liability policy issued to Hayes Brothers Buick by Universal Underwriters. Also as in the first accident, Jarman was insured under a motor vehicle liability insurance policy issued to him by State Farm.

The garage liability policies issued by Universal Underwriters to Gus Paulos Chevrolet and Hayes Brothers Buick included the following provisions:

> INSURING AGREEMENT—WE will pay all sums the INSURED legally must pay as damages (including punitive damages where insurable by law) because of INJURY to which this insurance applies caused by an OCCURRENCE arising out of GARAGE OPERATIONS or AUTO HAZARD.
>
> . . . .
>
> WHO IS AN INSURED—. . . .
> With respect to the AUTO HAZARD:
> 1. YOU;
> 2. Any of YOUR partners, paid employees, directors, stockholders, executive officers, a member of their household or a member of YOUR household, while using an AUTO covered by this coverage part, or when legally responsible for its use. The actual use of the AUTO must be by YOU or within the scope of YOUR permission;
> 3. Any other person or organization required by law to be an INSURED while using an AUTO covered by this coverage part within the scope of YOUR permission.
>
> . . . .
>
> OTHER INSURANCE—The insurance afforded by this coverage part is primary, except it is excess:
>
> . . . .
>
> (2) for any person or organization who becomes an INSURED under this coverage part as required by law.

The liability policies issued by State Farm to Aline and Jarman included the following provisions:

SECTION I—LIABILITY—COVERAGE A

We will:

1. pay damages which an *insured* becomes legally liable to pay because of:

   a. *bodily injury* to others, and

   b. damages to or destruction of property including loss of its use

   caused by accident resulting from the ownership, maintenance or use of *your car;* and

2. defend any suit against an *insured* for such damages with attorneys hired and paid by us. We will not defend any suit after we have paid the applicable limit of our liability for the accident which is the basis of the lawsuit.

Coverage for the Use of Other Cars

The liability coverage extends to the use, by an *insured,* of a *newly acquired car,* a *temporary substitute car,* or a *non-owned car.*

If There Is Other Liability Coverage

3. Temporary substitute car, non-owned car, trailer

   If a temporary substitute car, a non-owned car or a trailer designed for use with a private passenger car or utility vehicle has other vehicle liability coverage on it, then this coverage is excess.

The liability insurance policies issued by Universal Underwriters to Gus Paulos Chevrolet and Hayes Brothers Buick and by State Farm to Jarman and Aline were all purchased to satisfy the owner's or operator's security requirement of section 41–12a–301 of the Utah Code. *See* Utah Code Ann. § 41–12a–301(2) (1993).

At the time of the two accidents, both Aline and Jarman were using temporarily loaned vehicles with permission from Gus Paulos Chevrolet and Hayes Brothers Buick while their vehicles were being repaired. Neither Aline nor Jarman were officers, agents, or employees of either car dealership. After the two accidents, claims were made on behalf of Robinson and Kuntzman. Universal Underwriters has paid the property damage liability claims and anticipates future additional claims for bodily injury resulting from the two accidents.

Universal Underwriters filed an action for declaratory judgment against State Farm seeking a determination that Universal Underwriters was not obligated to cover Aline and Jarman, State Farm's insureds. State Farm then filed a motion for summary judgment, after which Universal Underwriters filed a cross-motion for summary judgment. Following a hearing on the motions, the trial court signed a judgment and order denying Universal Underwriters's motion for summary judgment, granting State Farm's motion for summary judgment, and thereby dismissing Universal Underwriters's complaint with prejudice.

Universal Underwriters appeals three conclusions of law the trial court made to support its decision to grant summary judgment to State Farm. First, the trial court concluded Utah Code Ann. § 31A–22–303(1)(b)(i) (1994) requires Universal Underwriters initially to provide liability coverage to permissive users under its garage liability policy. Next, the court concluded the garage liability policy Universal Underwriters issued to the two car dealerships did not take advantage of the allowable statutory limitation of coverage to permissive users under Utah Code Ann. § 31A–22–303(2)(d) (1994) because it did not include the necessary language in the policy expressing this allowable statutory limitation. Finally, the trial court also concluded Utah Code Ann. § 31A–21–106(1) (1994) prohibits Universal Underwriters from incorporating any provision in the garage liability policy not fully set forth in the policy.

In addition to arguing these three conclusions are erroneous, Universal Underwriters requests that we reverse the trial court's grant of summary judgment in favor of State Farm, and instead enter a summary judgment in favor of Universal Underwriters.

STANDARD OF REVIEW

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(c). The parties in this

case have stipulated to the facts, so there is no genuine issue as to any material fact. However, whether State Farm is entitled to summary judgment is a question of law we review for correctness, granting no deference to the trial court's legal conclusions. *See Travelers Ins. Co. v. Kearl*, 896 P.2d 644, 646 (Utah App.1995).

### ANALYSIS

Utah law requires motor vehicle owners to maintain owner's or operator's security. Utah Code Ann. § 41–12a–301(2) (1993). Furthermore, insurance policies purchased to satisfy the owner's or operator's security requirement of section 41–12a–301(2) must include the coverage required by Utah Code Ann. § 31A–22–303 (1994). *Id.* § 31A–22–302(1)(a). Universal Underwriters and State Farm agree that the policies issued by Universal Underwriters to Gus Paulos Chevrolet and Hayes Brothers Buick were purchased to satisfy the security requirement of section 41–12a–301(2). Therefore, these policies were required by law to comply with the coverage requirements of section 31A–22–303.

■ Section 31A–22–303 requires that the motor vehicle liability coverage of an owner's policy, such as those issued by Universal Underwriters to Gus Paulos Chevrolet and to Hayes Brothers Buick, "shall ... designate by appropriate reference all the motor vehicles on which coverage is granted, insure the person named in the policy, [and] *insure any other person using any named motor vehicle with the express or implied permission of the named insured.*" Utah Code Ann. § 31A–22–303(1)(b)(i) (1994) (emphasis added). Thus, an owner's policy must insure permissive users of the cars covered by the policy. This is a requirement, as evidenced by the use of the word "shall." *Cf. Beaver County v. Utah State Tax Comm'n*, 916 P.2d 344, 358 (Utah 1996) (" 'The primary role of statutory interpretation is to give effect to the intent of the legislature in light of the purpose the statute was meant to achieve,' [and] [t]he best indicator of that intent is the plain language of the statute." (citations omitted)); *Nelson v. Salt Lake County*, 905 P.2d 872, 875 (Utah 1995) (stating that in interpreting

statute, court presumes legislature used each word advisedly and gives effect to each term according to its ordinary and accepted meaning). Therefore, Universal Underwriters was required to insure permissive users of the vehicles named in the policies issued to Gus Paulos Chevrolet and Hayes Brothers Buick.

■ Universal Underwriters failed to specify in the policies that they insured permissive users of the named vehicles. However, Universal Underwriters's obligation to insure permissive users is a statutory requirement. As such, Universal Underwriters could not limit this obligation simply by not expressly including it in its policy. *See Farmers Ins. Exch. v. Call*, 712 P.2d 231, 233 (Utah 1985) ("[A]n insurer may include in a policy any number or kind of exceptions and limitations to which an insured will agree *unless contrary to statute or public policy.*" (emphasis added)). Therefore, Universal Underwriters's failure to specify this statutory requirement in the policy in no way diminished its obligation under section 31A–22–303(1)(b)(i) to insure permissive users.

There is no dispute that the two drivers, Aline and Jarman, were permissive users of vehicles named in the dealerships' policies. Consequently, Universal Underwriters was required by section 31A–22–303(1)(b)(i) to insure them. We therefore affirm the trial court's first conclusion that section 31A–22–303(1)(b)(i) requires Universal Underwriters "initially [to] provide liability coverage to permissive users under the garage liability policy."

Universal Underwriters, however, argues that under Utah Code Ann. § 31A–22–303(2)(d) (1994), it was not required to insure Aline and Jarman. The policies Universal Underwriters issued to Gus Paulos Chevrolet and Hayes Brothers Buick included the following definition of an insured: "Any other person or organization required by law to be an INSURED while using an AUTO covered by this coverage part within the scope of YOUR permission." Universal Underwriters argues that because this provision states that only those "required by law" to be insured are covered, and because section

31A–22–303(2)(d) allows drivers such as Aline and Jarman—permissive users who had insurance that met the statutory requirements—to be exempt from coverage, Universal Underwriters was not "required" by law to insure Aline and Jarman, so the policy exempted them from coverage. Universal Underwriters is correct that section 31A–22–303(2)(d) enables an insurer to exclude drivers such as Aline and Jarman from motor vehicle liability coverage in an owner's policy. However, as the trial court correctly concluded, Universal Underwriters failed to properly invoke subsection (2)(d).

Section 31A–22–303(2)(d) provides that an insurance policy issued to a motor vehicle business, such as Gus Paulos Chevrolet or Hayes Brothers Buick, for the purpose of meeting the statutory owner's security requirement, *"may ... restrict coverage* afforded to anyone other than the motor vehicle business or its officers, agents, or employees to the minimum [statutory] limits ..., and to those instances when there is no other valid and collectible insurance with at least those limits." Utah Code Ann. § 31A–22–303(2)(d) (1994) (emphasis added).

We have held that section 31A–22–303(1)(b)(i) is a statutory requirement Universal Underwriters must follow even though it did not mention the requirement in the policies it issued to the car dealerships. In contrast to subsection (1)(b)(i), subsection (2)(d) is written both to be permissive, as evidenced by the use of the word "may," and as an exception that "restrict[s] coverage" otherwise awarded by subsection (1)(b)(i). Therefore, because subsection (1)(b)(i) automatically applies to all owners' policies, for an insured to know that the insurer is invoking subsection (2)(d) and "restrict[ing] coverage" afforded to permissive users, the insurer must specify that it is restricting coverage in this way by including the language of subsection (2)(d) in its policy.

Universal Underwriters failed to include this necessary statutory language in the policies it issued to the two car dealerships. Therefore, we also affirm the trial court's second conclusion: Universal Underwriters's garage liability policy "did not take advantage of the allowable statutory limitation of coverage to permissive users under Utah Code An[n.] § 31A–22–303(2)(d)" by including language in the policy stating either that "permissive users are restricted under the policy to the minimum statutory limits of $25,000.00[,] or that the users may not avail themselves of the policy unless there is no other valid, collectable insurance[,] whether primary, excess[,] or contingent."

■ Even if we did not hold that under the statutory scheme of section 31A–22–303 Universal Underwriters could not invoke the exception afforded by subsection (2)(d) unless it used the requisite statutory language in the policies, Universal Underwriters's argument would still fail under section 31A–21–106 of the Utah Code: "No insurance policy may contain any agreement or incorporate any provision not fully set forth in the policy or in an application or other document attached to and made a part of the policy at the time of its delivery." Utah Code Ann. § 31A–21–106(1) (1994). The Utah Supreme Court explained in *Cullum v. Farmers Insurance Exchange,* 857 P.2d 922 (Utah 1993), that the purpose of section 31A–21–106 "is to ensure that the entire insurance contract is contained in one document so that the insured can determine from the policy exactly what coverage he or she has." *Id.* at 925. However, if we were to read the policies Universal Underwriters issued to the two car dealerships in the way Universal Underwriters asks us to read them, the policies would fail as did the policy in *Cullum.*

In *Cullum,* the insurance policy contained a "step-down" clause that stated: "We will provide insurance for an insured person, other than you or a family member, up to the limits of the Financial Responsibility Law only." *Id.* at 923. The car dealerships' policies in this case could be read to contain a clause analogous to the *Cullum* step-down clause: the clause stating it insures persons or organizations as "required by law" could be read, as Universal Underwriters would have us read it, to invoke the exception of section 31A–22–303(2)(d), thus restricting, or "stepping down," the coverage otherwise granted to the insured through section 31A–22–303(1)(b)(i). As in *Cullum,* this case presents an excellent example of the problem section 31A–21–106 addresses. *See id.* at 925. The car dealerships could not determine, simply by reading their documents,

who was insured under the policies. In fact, the dealerships would have great difficulty discovering exactly what coverage these policies provide. *See id.* The policies do not even specify the law to which they refer. *See id.* Instead, they simply state an insured includes "[a]ny other person or organization required by law to be an INSURED."

Even if the dealerships discovered section 31A–22–303, they could not possibly know from the policies' language that Universal Underwriters intended to invoke the exception to subsection (1)(b)(i) offered by subsection (2)(d). Therefore, we also affirm the trial court's third conclusion of law: "[Under] Utah Code An[n.] § 31A–21–106(1)[,] plaintiff may not incorporate any provisions in the garage liability policy not fully set forth in the policy."

## CONCLUSION

In light of the statutory scheme and plain language of Utah Code Ann. § 31A–22–303 (1994), we affirm each of the three conclusions reached by the trial court. Section 31A–22–303(1)(b)(i) clearly imposes a general requirement on insurers issuing owner's policies to insure all permissive users of vehicles named in the policies. Although section 31A–22–303(2)(d) allows permissive users who are adequately covered by operator's insurance to be excluded from coverage in a policy issued to a motor vehicle business, in order to invoke this exception to the general requirement of subsection (1)(b)(i), the insurer must specifically incorporate the language of subsection (2)(d) in the insurance policy. Universal Underwriters failed to use such language in the policies it issued to Gus Paulos Chevrolet and Hayes Brothers Buick. Therefore, under subsection (1)(b)(i), Universal Underwriters insured Aline and Jarman at the time of their accidents. As a result, we affirm the trial court's order of summary judgment.

Affirmed.

DAVIS, Associate P.J., and BILLINGS, J., concur.