**Kim RINDERKNECHT, Plaintiff
and Appellant,**

v.

**Lance LUCK, Defendant and Appellee.**

**No. 971343–CA.**

Court of Appeals of Utah.

Aug. 20, 1998.

Daniel S. Sam, Vernal, for Plaintiff and Appellant.

Gayle F. McKeachnie and Clark B. Allred, Vernal, for Defendant and Appellee.

Before WILKINS, Associate P.J., and JACKSON and ORME, JJ.

## OPINION

ORME, Judge:

Appellant Kim Rinderknecht challenges the trial court's grant of summary judgment to appellee Lance Luck. We conclude that Luck did not admit the existence of a contract under the Uniform Commercial Code, Utah Code Ann. § 70A–2–201(3)(b) (1997),[1] and we therefore affirm.

## FACTS

On July 11, 1996, Rinderknecht, a Uintah County livestock dealer, had a telephone conversation with Luck, a Duchesne County cattle rancher, during which they discussed the sale of Luck's cattle to Rinderknecht. Luck offered to sell Rinderknecht 240 head of cattle at a price of $0.58 per pound for steers and $0.52 per pound for heifers. Rinderknecht was to pay a $7200 deposit, with the balance due upon delivery of the cattle.

Approximately three weeks later, on August 1, 1996, Luck had not received the deposit nor any confirmation of the deal from Rinderknecht, so Luck called Rinderknecht to inquire about his intentions. The parties disagree about the substance of this conversation. Luck claims Rinderknecht told him that he would probably receive Rinderknecht's deposit and a contract within the next few days. Rinderknecht, on the other hand, maintains that, although he had already mailed the check to Luck, he offered to send or deliver another but that Luck told him not to bother and that if the previously mailed check did not arrive, Luck would call Rinderknecht back. Rinderknecht contends he never heard back from Luck, so he assumed Luck had received the check. Luck, however, contends that he never received the deposit or contract and therefore he called Rinderknecht again on August 20, but was unable to reach him. Luck then sold the cattle to another buyer at auction for a price less than the amount he and Rinderknecht had discussed.

---

1. For the reader's convenience, and because the provisions in effect at the relevant times do not differ materially from the statutory provisions currently in effect, we cite to the most recent statutory codifications throughout this opinion, unless otherwise noted.

Rinderknecht subsequently sued Luck for breach of contract. In his answer, Luck denied that a contract was ever consummated and asserted the Statute of Frauds as an affirmative defense. Luck moved for summary judgment, arguing that Utah Code Ann. § 70A–2–201 (1997), the Uniform Commercial Code's statute of frauds, barred enforcement of any alleged oral contract between the parties. Rinderknecht responded by asserting that Luck admitted the contract's existence in his pleadings and affidavit and therefore the statute did not bar the oral contract's enforcement. The trial court disagreed, ruling that Luck did not admit the contract existed and therefore the statute barred enforcement of the alleged oral agreement. Rinderknecht appeals.

## ISSUE & STANDARD OF REVIEW

The principal issue on appeal is whether the trial court erred in rejecting Rinderknecht's claim that enforcement of the alleged oral contract was not barred by the applicable statute of frauds because Luck admitted the existence of the contract.[2] This appeal is from a summary judgment, which is granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). "Inasmuch as a challenge to summary judgment presents for review conclusions of law only, because, by definition, summary judgments do not resolve factual issues, this Court reviews those conclusions for correctness, without according deference to the trial court's legal conclusions." *Bonham v. Morgan,* 788 P.2d 497, 499 (Utah 1989) (per curiam). *Accord Universal Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 925 P.2d 1270, 1272–73 (Utah Ct.App.1996).

## ANALYSIS

Rinderknecht contends that, under section 70A–2–201 of the Uniform Commercial Code

as adopted in Utah, Luck admitted the existence of an oral contract and therefore the statute does not bar his effort to enforce the contract. The general rule under the UCC's statute of frauds is as follows:

> [A] contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought....

Utah Code Ann. § 70A–2–201(1) (1997). Rinderknecht relies on an exception to the statute:

> A contract which does not satisfy the requirements of [the statute of frauds] but which is valid in other respects is enforceable
>
> . . .
>
> (b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made....

*Id.* § 70A–2–201(3)(b).

Rinderknecht contends that Luck admitted the existence of the contract in his pleadings. Rinderknecht relies on the following three statements made by Luck: "I offered to sell [Rinderknecht] 240 head of cattle (steers and heifers) [at] 58 cents ($0.58) per pound for steers and 52 cents ($0.52) per pound for heifers"; "[Rinderknecht] proposed to pay $7,200.00 as a deposit, with the balance of the sales price being paid upon completion of the contract, or the delivery of the cattle"; and "[Luck] sold the cattle to another buyer to cover his losses, at a price less than the contract price with [Rinderknecht]." These statements, Rinderknecht contends, amount to an admission of a contract. We disagree.

In *Lish v. Compton,* 547 P.2d 223 (Utah 1976), our Supreme Court explained:

> The provision in the [UCC's statute of frauds] that if a party "admits ... in court that a contract for sale was made ..."

---

2. Rinderknecht also contends that genuine issues of material fact precluded summary judgment. We disagree. While there were factual disagreements, they are not material because Luck is entitled to judgment even on the facts as contended by Rinderknecht. *See Abdulkadir v. West-ern Pac. R.R.,* 7 Utah 2d 53, 318 P.2d 339, 341 (Utah 1957) (ruling factual dispute does not preclude summary judgment when moving party would be entitled to judgment no matter how factual dispute was resolved).

simply recognizes the obvious, that if he acknowledges a valid and binding contract, he should be bound thereby. But fairness requires that the defendant's position be ascertained from the total posture of his defense....

*Id.* at 226 (quoting Utah Code Ann. § 70A–2–201(3)(b)) (omission in original). We must thus examine the "total posture of [Luck's] defense."

In his answer, Luck admitted offering to sell the cattle and admitted that Rinderknecht proposed a price and time and method of payment. However, while Luck asserted the Statute of Frauds as an affirmative defense, he consistently denied the existence of an agreement or contract because of Rinderknecht's failure to accept Luck's offer by delivering a deposit or confirmatory writing. Further, although Luck's summary judgment motion understandably focused exclusively on the Statute of Frauds, nothing suggests that he abandoned his basic theory of the case, which was that the parties had engaged only in preliminary negotiations for the sale of cattle—negotiations which never culminated in a contract at all.

At oral argument before this court,[3] when asked what Luck's admissions were, Rinderknecht's counsel stated that Luck's statements regarding the price and method of payment constituted an admission of a contract. We disagree. Luck admitted only that the parties had *negotiated* regarding the sale of cattle, not that the parties had *contracted* for such a sale.

In his brief, Rinderknecht further argued that Luck admitted to the contract's existence by his statement in an affidavit that he "sold the cattle to another buyer to cover his losses, at a price less than the contract price with [Rinderknecht]." We again beg to differ. Luck's use of the term "contract price" is not a clear and unambiguous admission of a contract, especially when we view it, as we must, in light of the "total posture" of Luck's defense. Instead, Luck's use of the term "contract price" is consistent with the way a layperson might refer to a price that parties have discussed during contract negotiations.

"When a party admits that there was a 'contract' or an 'agreement,' the court must examine the evidence carefully to determine that the party used the terms in their technical sense." 2 Ronald A. Anderson, *Uniform Commercial Code* § 2–201:378, at 206 (3d ed.1997). Moreover, as the Nebraska Supreme Court has noted, "an admission is [not] made whenever the defendant utters the magic words contract or agreement. We acknowledge the possibility that laypeople might misuse legal terminology." *Nebraska Builders Prods. Co. v. Industrial Erectors, Inc.,* 239 Neb. 744, 478 N.W.2d 257, 269 (1992). Thus, Luck's use of the term "contract price" to refer to the price he and Rinderknecht had discussed on the telephone in the context of a contract they hoped to enter was, from all that appears, merely a misuse of legal terminology, especially in light of his otherwise consistent denial of the contract's existence.

Viewing Luck's defense as a whole, the statements he made were simply insufficient to satisfy the admission exception to the UCC's statute of frauds. Luck's statements were not an outright admission of a contract, nor were they unambiguous admissions of all elements necessary to establish a contract under the UCC.[4]

---

3. Argument was held in Vernal, Utah. The Court of Appeals has continued its custom of hearing cases on occasion in locations other than our courtroom in Salt Lake City. *See State v. Hagen,* 802 P.2d 745, 746 n. 1 (Utah Ct.App.1990), *rev'd,* 858 P.2d 925 (Utah 1992), *aff'd,* 510 U.S. 399, 114 S.Ct. 958, 127 L.Ed.2d 252 (1994). Ogden, Provo, Coalville, and Monticello may now be added to *Hagen's* listing of cities in which we have conducted proceedings.

4. The parties each raise an additional argument to support their respective positions. Rinderknecht argues that suits involving the enforcement of oral contracts should not be disposed of on summary judgment based upon the Statute of Frauds. The gist of his argument is that disposing of such cases on summary judgment, early on in a lawsuit, denies a plaintiff the opportunity to ever elicit an admission from a defendant through deposition testimony, cross-examination, or the like. While this may be true to some extent, *see generally* 4 Caroline N. Brown, *Corbin on Contracts* § 14.2, at 186–87 (Joseph M. Perillo ed., LEXIS Law Publ'g 1997) (discussing increasingly common hesitancy by courts to grant early dismissals, demurrers, or other summary dispositions in context of UCC admission exception), Utah courts have not hesitated to grant summary

CONCLUSION

We conclude that Luck's statements in his pleadings and affidavit did not constitute an "admission" of a contract in light of the "total posture" of Luck's defense. Consequently, the trial court did not err in granting Luck summary judgment based upon the UCC's statute of frauds.

Affirmed.

WILKINS, Associate P.J., and JACKSON, J., concur.

---

judgment based on the Statute of Frauds. *See, e.g., Downtown Athletic Club v. Horman,* 740 P.2d 275, 277 (Utah Ct.App.), *cert. denied,* 765 P.2d 1277 (Utah 1987); *O.I.C., Inc. v. Wilcox,* 738 P.2d 630, 630 (Utah 1987) (per curiam). Moreover, Rinderknecht seemed content to argue his position below based only on the pleadings and Luck's affidavit. Rinderknecht did not argue the inappropriateness of summary judgment based on his lack of opportunity to obtain a proper admission, nor did he move for a continuance to permit further discovery before the court decided the summary judgment motion. *See* Utah R. Civ. P. 56(f). *See also American Towers Owners Ass'n, Inc. v. CCI Mechanical, Inc.,* 930 P.2d 1182, 1195 (Utah 1996) (discussing application of Rule 56(f)); *Downtown Athletic Club,* 740 P.2d at 278 (same). We therefore reject Rinderknecht's argument.

Luck, for his part, argues on appeal that Rinderknecht never accepted his offer and, therefore, there was simply no contract. We need not reach this issue given our conclusion that even if there was an oral contract, its enforcement is barred by the applicable statute of frauds.